NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0189n.06

No. 25-3361

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 28, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTOINE GAITHER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

---

Before: THAPAR, BUSH, and MURPHY, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Antoine Gaither appeals the denial of his motion to suppress. Because we agree with the district court that Deputy Danielski properly ordered Gaither out of his vehicle and then searched it based on probable cause, we **AFFIRM**.

**I.**

While out on patrol, Deputy Nicholas Danielski pulled over Gaither for failing to stop at a stop sign. Before exiting his patrol car, Deputy Danielski smelled the odor of burnt marijuana coming from Gaither's car.

Deputy Danielski approached the driver's side door and informed Gaither that he had been pulled over for running a stop sign, and ordered Gaither out of the car. Gaither refused. Deputy Danielski told Gaither that he could "smell weed coming from the car," and he ordered him out again. R. 33, Bodycam Video, at 2:50–55. Gaither again refused. This went on for some time with Deputy Danielski asking Gaither to step out of the vehicle and Gaither refusing. Finally, after

almost seven minutes, Gaither gave in and stepped out of the car. Deputy Danielski arrested him for obstruction and performed a pat down to check Gaither for weapons. Deputies then moved Gaither to the back seat of Deputy Danielski's patrol car.

Deputy Danielski and other officers from the Sheriff's Department searched the vehicle and found an open container of alcohol and a mason jar with two Ziploc bags of raw marijuana inside. After completing the search, Deputy Danielski informed Gaither that he would be charged with obstruction of official business, and he moved him from the back of his own patrol vehicle to a different patrol vehicle for transport. While moving him between vehicles, Deputy Danielski asked Gaither if he had anything else on him that they should know about. Gaither told the deputies to unzip his hoodie, and there they found a loaded handgun.

Gaither was charged under 18 U.S.C. § 922(g)(1) with two counts of being a felon in possession of a firearm. The handgun found under Gaither's hoodie served as the basis for Count II. Gaither moved to suppress the handgun as the fruit of an unlawful search. The district court held an evidentiary hearing on the motion. As part of this process, the district court reviewed the footage from Deputy Danielski's body-worn camera and heard that officer's testimony. Deputy Danielski testified that he could smell burnt marijuana coming from Gaither's car before pulling him over and the smell got stronger as he approached Gaither's car. The district court denied the motion to suppress, expressly finding that Deputy Danielski was a credible witness and that he had smelled burnt marijuana coming from Gaither's car.

After the denial of his suppression motion, Gaither entered into a plea agreement with the government where he agreed to plead guilty to Count II and the government agreed to dismiss Count I, which related to a separate instance of firearm possession. The district court sentenced

Gaither to thirty-six months' imprisonment on Count II. Gaither reserved the right to appeal the denial of his suppression motion and now appeals.

## II.

"On appeal of a motion to suppress, we review a district court's factual findings for clear error and its legal conclusions de novo." *United States v. Fellmy*, 165 F.4th 501, 505 (6th Cir. 2026) (per curiam). Gaither argues on appeal that Deputy Danielski violated the Fourth Amendment by (1) ordering Gaither to step out of the car, and (2) searching the car based on the smell of marijuana. We address these arguments in turn.

### A.

We need not spend long on the first issue because our precedent is clear—"officers may always order drivers out of their car during a lawful police stop." *Id.* (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (1977)). This is true regardless of the officer's subjective motive. *Id.* (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)). So ordering Gaither out of his car did not violate the Fourth Amendment, provided Deputy Danielski had a lawful basis to stop Gaither in the first place. And no one disputes the lawfulness of the stop here.

Gaither would have us limit the rule allowing a driver to be ordered out of his car. He argues that it applies to only those instances when an officer has safety concerns for himself or others. *Mimms* has already answered this point. The safety concerns inherent in a traffic stop always justify the "mere inconvenience" of being ordered from the vehicle. *Mimms*, 434 U.S. at 111.

Gaither pushes back on this conclusion by focusing on cases where an officer impermissibly extends a lawful traffic stop. Even when an officer performs a lawful traffic stop based on probable cause, he cannot prolong the stop "beyond the time reasonably required to

3

complete that mission." *United States v. Lott*, 954 F.3d 919, 923 (6th Cir. 2020) (quoting *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). But stops can be extended if the officer has "a reasonable and articulable suspicion that criminal activity is afoot." *United States v. Stepp*, 680 F.3d 651, 661 (6th Cir. 2012) (citation omitted). This is what happened here.

Deputy Danielski smelled the odor of burnt marijuana coming from Gaither's car. This gave him a reasonable suspicion that criminal activity was afoot, and thus he had cause to prolong the traffic stop. *See Lott*, 954 F.3d at 923 ("It is uncontested that [defendant's] admission to having marijuana in his car provided reasonable suspicion to the officers to prolong the stop."). Gaither argues that allowing Deputy Danielski to order him out of the vehicle to investigate a "potential marijuana-related crime" amounts to an "end-run around the Fourth Amendment . . . ." Appellant Br. at 11. We disagree. Gaither's rule would allow officers to order drivers out of their vehicles when they have probable cause for a traffic violation but forbid them from doing so when they have reason to suspect broader criminal activity beyond the traffic stop. The Fourth Amendment does not require this anomalous result. Police officers may "always order drivers out of their car during a lawful police stop," *Fellmy*, 165 F.4th at 505, and they may permissibly extend a stop when they have "a reasonable and articulable suspicion that criminal activity is afoot," *Stepp*, 680 F.3d at 661. This was a lawful stop with a prolonged detention based on Deputy Danielski's reasonable suspicion of drug activity.

**B.**

On to Gaither's second argument—that Deputy Danielski did not have probable cause to prolong the stop. The district judge stated at the suppression hearing that he believed Deputy Danielski's testimony that he smelled "burnt marijuana . . . ." R. 60, Suppression Hearing Tr., PageID 356; *see also id.* at 358 (noting that Deputy Danielski "testified clearly and unequivocally

it was burnt marijuana that [he] smelled" and the district court "believe[d] him when he said that"). We cannot view Gaither's argument as anything but an attack on the district court's credibility determination. Accepting any of Gaither's arguments would require us to conclude that Deputy Danielski did not actually smell burnt marijuana. That means we would need to find Deputy Danielski incredible on this point. But credibility determinations are "ordinarily unreviewable," *United States v. Reid*, 357 F.3d 574, 582 (6th Cir. 2004), and we cannot "reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court," *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). So Gaither's argument fails.

Even if we could review the district court's conclusion as a fact, rather than a credibility, determination, Gaither cannot show clear error. He argues that Deputy Danielski saying he smelled burnt marijuana rather than raw marijuana was a post-hoc justification. While on the scene, Deputy Danielski said only that he smelled marijuana; he never used the adjective "burnt" until his written report. The district court rejected this exact argument because people rarely say things like, "hey, I smell burnt weed"; they say, "I smell weed or I smell marijuana." R. 60, Suppression Hrg. Tr., PageID 355. We find no clear error in the district court's common-sense observation.

Because we accept that Deputy Danielski smelled burnt marijuana emanating from Gaither's vehicle, the rest of the inquiry becomes easy. Police officers may conduct a warrantless search of a vehicle when they have "probable cause to believe the vehicle contains contraband or evidence of criminal activity." *United States v. Lyons*, 687 F.3d 754, 770 (6th Cir. 2012). The smell of marijuana coming from a vehicle "can by itself establish probable cause for a search." *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002). The smell of marijuana coming from Gaither's vehicle gave Deputy Danielski probable cause for a search, and that probable cause

5

brought the search under the automobile exception. Thus, the search did not violate the Fourth Amendment.

## III.

We therefore **AFFIRM** the decision of the district court.